**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANA LAMB,

Plaintiff,

-vs- Case No. 2:05-cv-115-FtM-33SPC

PLANET EARTH, INC.,

Defendant.

______________________________________

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

______This matter comes before the Court on Plaintiff's Motion for Expert Fees, Litigation Expenses and Costs (Doc. #14) filed on June 15, 2005. The Motion arises from an action by the Plaintiff against the Defendant for violations of the Americans with Disability Act, 42 U.S.C. § 12101 *et. seq.* (ADA), and Florida Accessibility Code (FACBC) with regard to the Planet Earth, Inc. a place of public accommodation. The Motion was referred from the Honorable Virginia M. Hernandez Covington (Doc. #15) on June 22, 2005, and is now ripe for determination.

## STANDARD OF REVIEW

In Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, (1975), the Supreme Court "reaffirmed the 'American Rule' that each party in a lawsuit ordinally shall bear its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 430 (1983). The Americans with Disabilities Act (ADA) provides that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee,

including litigation expenses and costs." 42 U.S.C. § 12205. To prevail a party must receive some relief on the merits or establish a change in the legal relationship between the plaintiff and the defendant by court ordered consent decree. Buckhannon Bd. and Care Home, Inc., v. West Virginia Dep't. of Health and Human Res., 532 U.S. 598, 603-604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). A voluntary settlement agreement can just as effectively alter the legal relationship between the parties as a court ordered consent decree if the court retains jurisdiction to enforce the terms of the agreement. Am. Disability Assoc., Inc. v. Chimielarz, 289 F.3d 1315, 1321 (11th Cir. 2002). Hence, a fair reading of the ADA would hold that a party "prevails" when the party obtains the practical relief sought in the complaint. Buckhannon Bd. and Home Care, 532 U.S. at 634.

**DISCUSSION**

The first step in considering whether or not the Court should grant attorney's fees and costs is to determine if the fee applicant is entitled to receive the attorney's fees and costs. The second step is whether or not the attorney's fees and costs are reasonable. Then the Court addresses whether the number of hours charged by the Plaintiff's counsel were reasonable. And finally, the Court addresses whether expenses and costs should be awarded.

*Whether Plaintiff is Entitled to Receive Attorney's Fees and Costs*

On May 31, 2005, Default Judgement (Doc. #13) was entered by the Clerk of the Court finding the Defendant in Default and as such all factual allegations in the Complaint were deemed admitted. Therefore, in the instant case, a judicially sanctioned change in the legal relationship of the parties has occurred and the Plaintiff is clearly the prevailing party. Buckhannon Bd. and Home Care, 532 U.S. at 634; Am. Disability Assoc., 289 F.3d at 1317. Accordingly, the Plaintiffs are entitled to attorney's fees, costs, litigation expenses and expert fees.

*Whether the Attorney's Fees are Reasonable*

"A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."Am. Civil Liberties Union of Georgia, v. Barnes, 168 F.3d 423, 427 (11th Cir 1999). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 436 (citing Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

In this case, the Plaintiff's attorney charged $265.00 per hour for the services rendered. While the petitioning party provided a satisfactory detailed summary of the hours spent on the case (Doc. # 14-2), petitioners failed to justify the inordinately high hourly rate being charged. As noted above, a reasonable hourly rate is the rate charged in the relevant legal community. Norman, 836 F.2d at 1299. Since,"[t]here are no quotations for the prevailing market rate for a given attorney, . . . the best information available to the court is usually a range of fees set by the marketplace." Id. at 1301. In the Fort Myers area or the Southwest Florida region, only eighteen percent (18%) of all attorneys charge $250.00 or more.[1] Over two thirds (2/3) of the attorneys practicing in the Fort Myers region charge between $125.00 and $225.00 or an average hourly rate of $175.00.

The Plaintiff's provided a litany of examples stating that $260.00 up to $500.00 are reasonable rates asserting that ADA law is complex and difficult. However, after researching the

[1] All figures used in calculating a reasonable attorney's fee were provided by the Florida Bar's Division of Statistics.

relevant cases filed by the Plaintiff's Counsel, the Court has found multiple ADA cases in the Middle and Southern Districts filed by the Plaintiff's Counsel using the exact same language in each and every complaint and subsequent motion.[2] As such, the Plaintiff's argument on the complex details of ADA law fails. Further, the Plaintiff argues that the prevailing rates can also be determined by affidavits of other attorneys or experts, however, testimony alone that a given rate is reasonable is unsatisfactory evidence that a given fee is reasonable in a given market. Norman, 836 F.2d at 1299.

In this case, the Court simply does not find that the statistical data supports the Plaintiff's claim. Id. (holding that the trial court is an expert on the question of attorney's fees and may consider its own knowledge and experience concerning reasonable and proper fees). Although the Plaintiff may not agree, Judge Virginia M. Hernandez Covington recently adopted (June 21, 2005) the Report and Recommendation by this Court awarding $175.00 per hour to Plaintiff's Counsel as a reasonable rate for his services. Macort vs. South Florida Barbeque, Inc., 2:03-cv-110-Ft.M-33-SPC. Consequently, the Court determines that the average rate charged by a preponderance of the attorney's practicing in the Fort Myers region is a more reasonable rate and the Plaintiff's attorney's fees should be paid at a rate of $175.00 per hour.

*Were the Hours Charged Reasonable*

Part of the court's task in calculating the lodestar is determining if the number of hours spent on the case were reasonable. Am. Civil Liberties Union of Georgia, 168 F.3d at 428. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours." Id. at 427. That burden includes supplying the court with records to show the time spent on the different

[2] The Plaintiff's Counsel is involved in over 500 cases for Access Now and Dana Lamb in the Middle and Southern District Courts of Florida.

claims and the subject matter of each activity of each time expenditure. Id. Each time expenditure should be set out with "sufficient particularity so the district court can assess the time claimed for each activity." Id. If fee applicants do not exercise billing judgment courts are obligated to do it for them and cut hours deemed to be excessive and unnecessary. Id. at 428.

The Court has reviewed the detailed accounting of hours spent in preparation for this case and does not find that 8.6 hours is unreasonable under the circumstances. Therefore, the Court will grant the computation based upon the hours as listed in the accounting.

*Should Plaintiff's Litigation Expenses Be Paid*

"[A]ll reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs." Id. at 427. Plaintiff's cost and expenses include such general expense items as copying, postage, mediation fee, expert witness fee from Tcherneshoff Consulting, Inc., and some minor computer research fees. After careful review, the Court finds that the cost and expenses are reasonable for this type of litigation and are therefore recoverable. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

**CONCLUSION**

The Court finds that there is sufficient evidence to establish that Plaintiff's are the prevailing party in the instant case and are therefore, entitled by law to an award of attorney's fees and cost. 42 U.S.C. § 12205; Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

CALCULATION OF ATTONEY'S FEES AND COST

| | |
|---|---|
| Hourly Rate Claimed | $265.00 per hour |
| Total Hours Claimed | 8.6 |

Reductions

| | |
|---|---|
| Fee Reduction | New Hourly Rate = $175.00 per hour |
| Total Hours Awarded | 8.6 |
| Total Attorney's Fees Awarded | $175.00 x 8.6 = $1505.00 |
| Total Cost Awarded | + $535.47 |
| Total Fees and Cost | $2040.47 |

Accordingly, it is now

**RECOMMENDED:**

The Motion on the Plaintiff Dana Lamb's Motion for Attorney's Fees, Litigation Expenses and Costs (Doc. # 14) is **GRANTED.** It is recommended that the Plaintiff be awarded **$1505.00 in attorney's fees and $535.47 in costs for a total of $2040.47.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 5th day of July, 2005.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record